McIlvaine, J.
The original action, in which Abney was plaintiff and Fish defendant, was brought into the Court of Common Pleas of Cuyahoga county by appeal, and the record therein made, shows the following state of facts:
1. In the year 1858, one William Hamilton recovered a judgment against one Robert Martin, in the same court, for $150 .damages, and $63.73, his costs therein taxed.
2. Of the fees taxed in Hamilton’s bill of costs were $6.45 earned by the plaintiff' Abbey as sheriff of said county, which, together with other fees of the plaintiff in the costs of increase, had not been paid.
3. On the 17th of October, 1854, Hamilton sold and assigned to the defendant Fish, who had been his attorney of record in the action, “all his right, title, and interest in and to said judgment for $150 damages, and $63.73, his costs.”
4. Fish, as such assignee, having received partial payments from Martin, afterward, on the 20th of March, 186», recovered a judgment, in his own name, against Martin, for the balance of said judgment for damages and costs, and also the costs of increase.
5. On the 18th of May, 1860, Fish, by an arrangement *410 with Martin and one Wagner, received full payment of the last-named judgment, and the same was discharged.
Upon this state of facts, the Court of Common Pleas rendered judgment against Fish, and in favor of Abbey, for the amount of his unpaid fees taxed in the judgment of Hamilton v. Martin.
On petition in error in the District Court,, the judgment of the Court of Common Pleas was reversed, and this-proceeding is prosecuted to reverse the judgment of the District Court.
Whether the District Court erred or not depends upon the effect to be given to several acts of the legislature, in pari materia, in force at the time Hamilton recovered the-judgment for his costs against Martin.
The defendant in error claims that the judgment for costs-in favor of Hamilton, vested in him “the absolute and exclusive ownership of the property” therein, and “the absolute and exclusive right to control, and have and enjoy the fruits of it,” and rests his claim upon the provisions of the act of March 9, 1885, entitled “an act to regulate the-taxation and collection of costs,” S. & C. 643-645; and section 8 of an act of the same date, entitled an “ act to amend the act entitled an act to regulate the practice of the judicial courts,” which provided, “ that in all cases, except in those where it is otherwise provided by this act or the act to which this is an amendment, the party recovering final judgment shall be entitled to recover costs.” The first-named act provides:
“ Sec. 1. That in all suits, motions, and proceedings,, either at law or in chancery, prosecuted after the taking effect of this act, in any of the courts of this state, the costs of the parties shall be taxed and entered of record separately.
“Sec. 2. That on the rendition of judgment, in any ease, the costs of the party recovering only, together with Ms debt or damages, shall be carried into his judgment;, and the costs of the party against whom judgment shall be- *411 rendered shall be stated in a separate clause of the record or docket entry.
“ Sec. 3. That the clerk or justice of the peace, issuing execution for such judgment, as aforesaid, shall indorse thereon the amount of the costs of the party condemned, which costs shall be collected by the officer to whom the writ may be directed, in the same manner and at the same time in which the judgment mentioned in the execution shall be collected.
“ Sec. 4. That when the party recovering shall neglect to sue out execution immediately, or after execution shall be returned without satisfaction of costs, the clerk may, for his own benefit, or shall, at the request of any person entitled to fees in the bill of costs, taxed against either party, and by order of the court, issue against the party, indebted to such clerk or other person, for such fees, whether plaintiff or defendant, an execution to compel the party to pay his own costs, in the following form,” etc.
On the other hand, the plaintiff in error claims that the judgment for costs in favor of the successful party is taken and must be held for the benefit of the persons entitled to-fees in the taxed bill of costs, that is to say, for the benefit-of the officers or other persons who have earned the fees-taxed in the bill of costs to the extent that they have not been paid, and for the benefit of the party in whose favor the judgment was rendered to the extent he may have paid fees. And in support of this claim he insists that the act of March 18, 1839, entitled “an act for the disposition of’ unclaimed costs,” must be construed in connection with the-acts above named.
The latter act provides as follows:
“ Sec. 1. That the'sheriff of each county shall pay to the clerk of the Court of Common Pleas of his said county all costs collected, or which may hereafter be collected by such sheriff' or his deputies;” .... “but nothing herein contained shall prevent a sheriff from paying costs to parties, entitled thereto.”
Section 2 provides for the advertisement of certified lists of moneys remaining in the hands of clerks for a certain period.
*412 “ Sec. 3. All such advertised fees or costs, debt or damages, as shall remain in the hands of the clerk or former clerk, at the expiration of one year from the first day of the term at which the said certified list shall be set up on the door of the court-house, shall be by said clerks paid over to the treasurer of the county; and any person entitled to any costs or fees, debt or damages, so paid over, shall be entitled to an order for the same upon the county treasury, upon the certificate of the clerk by whom they have been paid over, or his successor in office.”
The question for determination is one of legislative intent simply, and whatever might be, or may have been, the construction placed upon the several acts of March 9, 1835, we are satisfied that the law, as it stood at the time Hamilton recovered his judgment for costs against Martin, can not be ascertained without considering the policy and purpose of the legislature as manifested in the act of 1839. And we are all agreed that the terms, “the parties entitled thereto,” .and “any person entitled to any costs or fees” contained in this act, were intended to and do include and mean the persons, whether officers or others, who earned the fees taxed in the bill of costs, and whose fees have not been paid, as well as the party in whose name the judgment for costs was taken; and we are further satisfied that the party in whose name the judgment is rendered, is entitled to receive the costs collected by the sheriff, only to the extent that he may have paid them to the persons who earned them.
This being the true construction of the latest expression of legislative will upon the subject, it follows that the party in whose name a judgment for costs may have been rendered, is not the absolute owner thereof, and entitled in his own right and for his own benefit to moneys collected thereon, except to the extent that he may have paid the taxable fees. And it also follows that the persons who earned the fees taxed in the judgment have an interest therein, and are entitled to the money collected thereon, to the extent that their fees have not been paid.
*413 In my opinion, the right to recover a judgment for costs is not given to the successful party, because .he has paid the-taxable fees which were earned at his instance, or because he is supposed to have paid them, but because he is liable to pay them at the suit of those who earned them, if he has not in fact done so. The judgment is given for the purpose of reimbursement to the extent he may have paid fees, and for the purpose of indemnity to the extent he may be liable to pay them in the future.
I admit the power of the judgment creditor to receive the-amount of the judgment for costs from the debtor, and the right of the debtor to make voluntary payment to him, at least, until notified not to do so by persons entitled to fees, and thereby discharge himself from further liability. But when such payment is made, a new cause of action accrues-in favor of the “ person entitled to fees,” against the party receiving payment — an action for money had and received. It is true a right of action in favor of and against the same-parties existed before — an action for services performed. But the two causes of action are distinct, and depend upon very different states of fact. If the older bebarred by the statute of limitations, the latter may nevertheless be prosecuted.
Nor does it matter, that a summary remedy by execution against the party, to compel him to pay his own costs, has been provided by the fourth section of the act of March 9,. 1835, in relation to the taxation and collection of costs. That remedy is cumulative to the right of action for services performed, and does not exclude the remedy by suit for money had and received whenever the judgment creditor has realized on the judgment for costs.
It is said in argument, that officers and others entitled to-taxable fees may, in'all instances, demand payment in advance, and therefore it should be inferred that the legislature did not intend to secure to them any interest or equity in the judgment for costs. Whether the premise in this argument be correct, is a question of some doubt; but whether it be or not, it is quite clear that it never has been the policy of the legislature to compel prepayment in all- *414 cases, as is manifest from the many provisions made for their collection after credit given.
If, then, an action for money had and received would have accrued, in favor of plaintiff in error, against Hamilton, the judgment creditor, in case the fruits of the judgment for costs had come into his hands, the only remaining question arising on the facts in this case, as above stated, is, “ Can such action be maintained against Fish, the assignee of Hamilton?"
This question, it seems to me, should be resolved in the affirmative, in consideration that Fish, at the time he took the assignment, was chargeable with knowledge that the taxable costs had been earned by persons other than the judgment creditor, and that such persons had an interest in the judgment for costs to the extent that they were unpaid — such knowledge being sufficient in law to put him upon inquiry as to their rights in the premises. But aside from these presumptions, the facts in this case show that Hamilton undertook to assign to Fish only such “right, title, and interest” in the judgment as he had, and also that Fish had been of counsel for Hamilton in the action, from which it may well be inferred that Fish did, in fact, know that the fees had not been paid to the officers, and therefore good conscience requires that he should pay to the parties entitled thereto the fees that have come into his hands.
But again, and above all, the extent of his interests under the assignment must be measured by the extent of redress he may have under the law which provides for the enforcement of his rights, to wit, by execution on the judgment. Had this means been employed for the enforcement of h-is rights, it is quite clear that the statute of 1839 would have excluded him, as well as his assignor, from all participation in the fruits of the judgment for costs, except in so far as fees taxed in the judgment had been actually paid to the persons who earned them.
The judgment of the District Court must be reversed, and the judgment of the Common Pleas affirmed.